UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
                              :
INTERNATIONAL CONSUMER        :     CIVIL ACTION NO. 07-325 (MLC)
PRODUCTS OF NEW JERSEY, INC., :
                              :
     Plaintiff,               :         MEMORANDUM OPINION
                              :
     v.                       :
                              :
COMPLETE CONVENIENCE, LLC,    :
et al.,                       :
                              :
     Defendants.              :
_____ :
```

**THE PLAINTIFF** bringing this action on January 19, 2007,
against the defendants — Complete Convenience, LLC ("CCLLC"),
Alliance CM Corp. ("ACM"), John Scott Glover, Tomco Engineering
Co. Ltd. ("TEC"), Noble Brands Ltd. ("NBL"), Ohtwogo Investors,
L.P. ("OILP"), and International Trade Group, Inc. ("ITG") —
inter alia, to recover damages for infringement of the patent of
a certain product ("Product") (dkt. entry no. 33, 2d. Am.
Compl.); and the plaintiff alleging that (1) CCLLC has registered
a certain mark that forms the basis for an internet domain name
registered by ACM, (2) ACM is an alter ego of, and an investor
in, CCLLC, (3) Glover controls both CCLLC and ACM, (4) "CCLLC was
created . . . to be a conduit for [ACM] and Glover to funnel
money, operate at a loss, utilize the equipment, facilities,
utilities and personnel of [ACM], and/or to insulate the assets
of [ACM] and Glover from a judgment of infringement", (5) OILP is
a member of both CCLLC and NBL, and indebted to ACM in the amount

of $600,000, (6) TEC and NBL manufacture the Product for CCLLC,

and (7) ITG imports the Product for CCLLC (id. at 2-5); and thus

it appearing that the claims asserted against all of the

defendants — as stated by the plaintiff in the second amended

complaint — are hopelessly intertwined; and

**CCLLC** (1) petitioning for bankruptcy protection pursuant to

Chapter 11 of the Bankruptcy Code on May 7, 2008, in the United

States Bankruptcy Court for the Northern District of Texas

("Texas Bankruptcy Court"), (2) listing the plaintiff, ACM, and

Glover as creditors, and (3) listing this action against it as

pending, see N.D. Tex. Bankr. Ct. Pet. No. 08-42141, dkt. entry

no. 8, List of Creditors Holding 20 Largest Unsecured Claims, &

Stmt. of Fin. Affairs; and

**IT APPEARING** that the filing of a bankruptcy petition

operates as a stay, applicable to all entities, of the

continuation of a judicial proceeding against the debtor that was

commenced before the bankruptcy petition was filed, see 11 U.S.C.

§ 362(a)(1); and it appearing that the plaintiff can — before the

Texas Bankruptcy Court — (1) move for relief from the automatic

stay, and (2) file proofs of claim, see 11 U.S.C. §§ 362(d), 501;

and the Court further finding that this situation presents

"unusual circumstances" requiring a stay of the entire action,

based on the manner in which the plaintiff asserted its claims

against all of the defendants, McCartney v. Integra Nat. Bank N.,

106 F.3d 506, 510 (3d Cir. 1997), see Roberts v. We Love Country,
Inc., No. 04-5631, 2005 WL 2094843, at *2-*3 (E.D. Pa. Aug. 29,
2005) (staying entire action where one of several defendants
sought bankruptcy protection, as claims against all defendants
intertwined); and the Court — even in the absence of the
bankruptcy petition — having the inherent power to control the
docket, and having determined that the interests of judicial
economy will be best served by staying this action in its
entirety, see Landis v. N. Am. Co., 299 U.S. 248, 254 (1936),
Rolo v. Gen. Dev. Corp., 949 F.2d 695, 702 (3d Cir. 1991); and
thus the Court intending to (1) stay and administratively
terminate this action, and (2) direct the parties to proceed
before the Texas Bankruptcy Court; and for good cause appearing,
the Court will issue an appropriate order.[1]

                                    s/ Mary L. Cooper
                                  **MARY L. COOPER**
                                  United States District Judge

**Dated:** May 22, 2008

---

[1]  The Court, in issuing an order here, is not addressing
the issues of personal jurisdiction and venue; the defendants may
raise those issues if this action is reopened.