```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY

                                    :
INTERNATIONAL CONSUMER              :   CIVIL ACTION NO. 07-325 (MLC)
PRODUCTS OF NEW JERSEY, INC.,       :
                                    :
      Plaintiff,                    :         O R D E R
                                    :
      v.                            :
                                    :
COMPLETE CONVENIENCE, LLC,          :
et al.,                             :
                                    :
      Defendants.                   :
                                    :
```

**THE COURT** having entered a memorandum opinion and an order

on May 22, 2008 ("5-22-08 Memorandum Opinion & Order") that (1)

stayed and administratively terminated plaintiff's action against

the defendants - Complete Convenience, LLC ("CCLLC"), Alliance CM

Corp. ("ACM"), John Scott Glover ("Glover"), Tomco Engineering

Co. Ltd. ("TEC"), Noble Brands Ltd. ("NBL"), Ohtwogo Investors,

L.P. ("OILP"), and International Trade Group, Inc. ("ITG") - to,

inter alia, recover damages for infringement of the patent of a

certain product (dkt. entry. no. 33, 2d. Am. Compl.), and (2)

directed the parties to proceed before the United States

Bankruptcy Court for the Northern District of Texas (dkt. entry

nos. 43-44, 5-22-08 Mem. Op. & Order); and plaintiff moving for

reconsideration of the 5-22-08 Memorandum Opinion & Order with

respect to its claims against all defendants, except CCLLC, which

petitioned for chapter 11 bankruptcy (dkt. entry no. 45), <u>see</u> N.D. Tex. Bankr. Ct. Pet. No. 08-42141; and

**THE COURT** having found that CCLLC's bankruptcy petition "presented 'unusual circumstances' requiring a stay of the entire action, based on the manner in which the plaintiff asserted its claims against all of the defendants" (5-22-08 Mem. Op., at 2-3), see <u>McCartney v. Integra Nat. Bank N.</u>, 106 F.3d 506, 510 (3d Cir. 1997), <u>Roberts v. We Love Country</u>, No. 04-5631, 2005 WL 2094843, at *2-*3 (E.D. Pa. Aug. 29, 2005), because:

> (1) CCLC has registered a certain mark that forms the basis for an internet domain name registered by ACM, (2) ACM is an alter ego of, and an investor in, CCLLC, (3) Glover controls both CCLLC and ACM, (4) "CCLLC was created . . . to be a conduit for [ACM] and Glover to funnel money, operate at a loss, utilize the equipment, facilities, utilities and personnel of [ACM], and/or to insulate the assets of [ACM] and Glover from a judgment of infringement," (5) OILP is a member of both CCLLC and NBL, and indebted to ACM in the amount of $600,000, (6) TEC and NBL manufacture the Product for CCLLC, and (7) ITG imports the Product for CCLLC ([2d Am. Compl.,] at 2-5); and thus it appearing that the claims asserted against all of the defendants — as stated by the plaintiff in the second amended complaint — are hopelessly intertwined

(5-22-08 Mem. Op., at 1-2); and

**IT APPEARING** that a motion for reconsideration is "an extremely limited procedural vehicle," <u>Tehan v. Disab. Mgmt. Servs.</u>, 111 F.Supp.2d 542, 549 (D.N.J. 2000), and is granted

"very sparingly," Yurecko v. Port Auth. Trans-Hudson Corp., 279
F.Supp.2d 606, 608 (D.N.J. 2003); and it appearing that its
purpose is to correct manifest errors of law or present newly
discovered evidence, Arista Recs. v. Flea World, 356 F.Supp.2d
411, 415 (D.N.J. 2005), or advise of "an intervening change in
the law," P. Schoenfeld Asset Mgmt. v. Cendant Corp., 161
F.Supp.2d 349, 352 (D.N.J. 2001); and it appearing that
reconsideration is not warranted where (1) the movant merely
recapitulates the cases and facts previously analyzed by the
court, Arista Recs., 356 F.Supp.2d at 416, Auerbach v. Kantor-
Curley Ped. Assocs., No. 01-854, 2004 WL 3037943, at *1 (E.D. Pa.
Dec. 30, 2004), see Tehan, 111 F.Supp.2d at 549 ("Motions for
reconsideration will not be granted where a party simply asks the
court to analyze the same facts and cases it has already
considered in reaching its original decision"), or (2) the
movant's apparent purpose is to express disagreement with the
Court's initial decision, Tehan, 111 F.Supp.2d at 549; and it
further appearing that the movant must raise controlling facts or
dispositive case law overlooked by the Court in rendering a
decision, and concisely specify the suspect aspects of the
decision with particularity, Ciba-Geigy Corp. v. Alza Corp., No.
91-5286, 1993 WL 90412, at *1-*2 (D.N.J. Mar. 25, 1993); and

3

   **THE COURT** having carefully reviewed the arguments in support
of the motion for reconsideration;[1] and plaintiff asserting that
the stay of the entire action was not warranted because the Court
(1) overlooked independent claims brought against Glover and ACM,
which predate the creation of CCLLC, (2) misconstrued the
significance of the independent relationship between CCLLC and
the non-debtor defendants, and (3) is the appropriate forum and
should adjudicate the claims against the non-debtor defendants,
which are not "core" proceedings of the bankruptcy action (dkt.
entry no. 45, Pl. Br., at 14-25); and

   **IT APPEARING** that "unusual circumstances" requiring a stay
of the entire action are present when, inter alia, "stay
protection is essential to the debtor's efforts of
reorganization," In re Mid-Atl. Handling Sys., 304 B.R. 111, 128-
29 (Bankr. D.N.J. 2003); and the Court finding that, as the facts
have been presented by the plaintiff, it is conceivable  the non-
debtor defendants may be held accountable for CCLLC's debts, and
a judgment against a non-debtor defendant may potentially affect
CCLLC's reorganization plan, see e.g., In re S.I. Acq., 817 F.2d

---

   [1] Defendants did not submit a brief opposing plaintiff's
motion for reconsideration.

1142, 1150-55 (5th Cir. 1987);[2] and the Court further finding that the Bankruptcy Court may exercise jurisdiction over the claims against the non-debtor defendants, including the tort and contract claims, because they are, at least, "related to" CCLLC's chapter 11 filing as the outcome of the underlying action could alter CCLLC's rights, liabilities, options, or freedom of action, which may impact the handling and administration of the bankruptcy estate, In re Mid-Atl. Handling Sys., 304 B.R. at 120, In re G-I Holdings, 278 B.R. 376, 384-85 (Bankr. D.N.J. 2002);[3] and the Court noting that "[e]xtending the stay to all defendants

_____

[2]  Plaintiff argues that because filings in the Texas bankruptcy matter list Glover and ACM as unsecured creditors of CCLLC, "the [d]efendants are asserting the entities are not related." (Pl. Br., at 18.)  Plaintiff also notes that, although the second amended complaint "refers to CCLLC as an 'alter ego,' which [plaintiff] believes it may be for some purposes," the second amended complaint "is not verified." (Id. at 11 n.21.)  The Court concludes, however, that ACM's and Glover's status as creditors of CCLLC, which the Court previously recognized (5-22-08 Memo. Op., at 2), does not diminish plaintiff's repeated assertions that the non-debtor defendants control CCLLC, an alter ego.  Furthermore, plaintiff's argument against its own pleading is puzzling.  See Fed.R.Civ.P. 11(b).

[3]  "28 U.S.C. § 157 divides bankruptcy court jurisdiction into two distinct categories.  In 'core' proceedings the Bankruptcy Court has comprehensive power and can enter appropriate and final judgments.  In proceedings which are 'non-core,' but which nonetheless are 'related to' a bankruptcy case under Chapter 11, the bankruptcy court may hear the proceeding. Absent the consent of all parties and referral by district court, however, the bankruptcy court must submit to the district court its proposed findings of fact and conclusions of law." In re G-I Holdings, 278 B.R. at 379 (internal citations omitted).

does not shield any of the defendants from liability," and the plaintiff may return to this Court, after the bankruptcy proceedings have concluded, if unresolved issues remain, Smith v. Dominion Bridge Corp., No. 96-7580, 1999 U.S. Dist. LEXIS 2131, at *13 (E.D. Pa. Mar. 3, 1999), see Roberts, 2005 WL 2094843, at *2; and

**THE COURT** therefore finding that plaintiff (1) has not established that facts were overlooked by the Court, and (2) is merely asserting that it disagrees with the Court's decision, see Arista Recs., 356 F.Supp.2d at 416, Tehan, 111 F.Supp.2d at 549; and the Court having considered the matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 7.1(i); and the Court thus intending to deny the motion; and for good cause appearing;

**IT IS THEREFORE** on this      23rd      day of October, 2008,

**ORDERED** that plaintiff's motion for reconsideration (dkt. entry

no. 45) is **DENIED.**


　　　　　　　　 s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

7